NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN MARTINEZ, Plaintiff, v. CAPITAL ONE FINANCIAL CORP., Defendant. | Civil Action No.: 15-266 (JLL) (JAD) OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Capital One, N.A.[1] ("Defendant" or "Capital One")'s Motion to Dismiss Pro-Se Plaintiff Ruben Martinez's ("Plaintiff" or "Mr. Martinez")'s Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 28.) The Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Motion to Dismiss and dismisses Plaintiff's Amended Complaint without prejudice.

## BACKGROUND[2]

The Amended Complaint alleges that, on or about May 31, 2007, Plaintiff and his wife, Leticia Leon, executed a note (the "Note") in favor of GreenPoint Mortgage Funding, Inc.

---

[1] Incorrectly named as Capital One Financial Corp. in the Amended Complaint.
[2] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

("GMF") in the amount of $300,000.00, and Plaintiffs granted a mortgage (the "Mortgage") to GMF, secured by the property at 63 Market Street, Passaic, New Jersey (the "Property") (collectively the "Loan"). (ECF No. 21, Amended Complaint ("AC") ¶¶ 27-29; *see also* ECF No. 28-1, Exs. A (Note) and B (Mortgage) to Defendant's Brief.)[3] Plaintiff signed the Mortgage as an "accommodation party."[4] (*See* Mortgage.)

Plaintiff commenced this action on January 13, 2015 against U.S. Bank N.A. and Aurora Loan Services, LLC. (ECF No. 1.) Because it was determined that neither U.S. Bank N.A. nor Aurora Loan Services, LLC had any interest in the Property or Loan, in August 2015 the Court dismissed Plaintiff's original Complaint without prejudice with right to refile against the appropriate defendant. (ECF Nos. 16, 17.) On November 17, 2015, Plaintiff filed a three-count Amended Complaint naming Capital One as Defendant. (ECF No. 21.) On January 28, 2016, Capital One moved to dismiss. (*See* ECF No. 28-1 ("Mov. Br.").) Plaintiff's opposition was due on February 22, 2016, but a review of the docket reveals that opposition was not timely filed.

---

[3] "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)).

[4] Under the UCC,

> An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.

§ 29. Liability of Accommodation Party, ULA APPENDIX I, UNIF.COMMERCIAL CODE UNIL § 29. For purposes of this Motion to Dismiss only, and because the Court dismisses on other grounds, the Court concludes that Plaintiff has standing. *See Harrison v. M. R. A., Ltd.*, 278 F.2d 539, 541 (9th Cir. 1960) ("The essential feature of an accommodation party to a negotiable instrument is a loan of credit or financial standing to an accommodated principal party.") (citations omitted); *In re Boles*, 150 B.R. 733, 735 (Bankr. W.D. Mo. 1993) ("Standing under § 523(a)(2)(B) includes situations where an accommodation party on a loan is subrogated to the creditor's rights or has a right of contribution against the debtor.") (citation omitted).

2

## **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

The Court also notes that pleadings submitted by *pro se* litigants are subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable

3

inferences in his or her favor. *Capogrosso v. Sup.Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Franklin v. GMAC Mortgage*, 523 F. App'x 172, 173 (3d Cir. 2013).

## ANALYSIS

The Amended Complaint alleges three causes of action: breach of contract, fraud in the concealment, and intentional infliction of emotional distress. New Jersey law applies. (*See* Note ¶ 17; Mortgage ¶ 30.) The Court discusses each cause of action in turn.

### A. Breach of Contract

To "establish a breach of contract claim, a plaintiff has the burden to show" that: (1) "the parties entered into a valid contract"; (2) the "defendant failed to perform his obligations under the contract"; and (3) "plaintiff sustained damages as a result." *Robert Wood Johnson Univ. Hosp. at Hamilton, Inc. v. SMX Capital, Inc.*, No. 12-cv-7049, 2013 WL 4510005, at *4 (D.N.J. Aug. 26, 2013) (citing *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (N.J. App. Div. 2007)) (internal quotation marks omitted).

Here, Plaintiff alleges that Capital One breached the terms of the Loan "by failing to notify Plaintiffs of the change in ownership of the Note and Mortgage" (AC ¶ 60), and by failing to record an assignment of the Mortgage. (AC ¶¶ 57-68.) As a result of the alleged breach, Plaintiff seeks $300,000.00 (the value of the Note) in compensatory damages. (*Id.* ¶ 62.)

The Court shall dismiss this claim. Putting aside the fact that Capital One represents that the Note and Mortgage were never transferred and that GMF remains the holder of the Note and

4

Mortgage (Mov. Br. at 4 n.2), the Mortgage allows for transfer without prior notice. (*See* Mortgage ¶ 32 ("The Note or a partial interest in the Note (together with this Instrument and the other Loan Documents) may be sold one or more times *without prior Notice* to Borrower. . . . *If* there is a change of the Loan Servicer, Borrower will be given Notice of the change.") (emphasis added).) Additionally, Plaintiff states that Capital One breached the contract by failing to record assignment of the Mortgage, but fails to identify any relevant contractual provisions or statutes. To the extent that Plaintiff argues that the failure to record affects the validity of the Mortgage, the Court notes that this argument is unavailing. *See In re Kennedy Mortgage Co.*, 17 B.R. 957, 964 (Bankr. D.N.J. 1982) ("The fact that assignments of mortgages may be recorded does not affect the validity of an assignment of a mortgage which has not been recorded.") (citation omitted). Accordingly, Plaintiff's breach of contract claim shall be dismissed.

### B. Fraud in the Concealment

To establish a common-law fraud claim, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610, (1997). "Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 174 (2005). In addition, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." . . . To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud

5

allegation . . . .

*Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal citations omitted). The Third Circuit has advised that on a fraud claim, at a minimum, a plaintiff must support his/her allegations of fraud with all the essential factual background that would accompany "'the first paragraph of any newspaper story'—that is, the 'who what, when, where and how' of the events at issue." *In re Supreme Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir.2006) (citations omitted).

Furthermore, "[t]o establish a claim of fraud in the concealment requires the existence of a duty to disclose as well." *Coleman v. Deutsche Bank Nat. Trust Co.*, No. 15-cv-1080, 2015 WL 2226022, at *7 (D.N.J. May 12, 2015) (citing *Berman v. Gurwicz*, 189 N.J. Super. 89, 93 (App. Div. 1981)). The court in *Berman* described the three classes of transactions for which a duty to disclose might arise: (1) definite fiduciary relationships such as principal-agent or attorney-client; (2) those without a special fiduciary relationship but where it appears that one of the parties expressly reposes a trust and confidence in the other; and (3) those without a special relationship, but in which the very nature of the transaction or contract itself is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure, such as a contract for insurance. *Berman*, 189 N.J. Super at 93-94.

Here, Plaintiff alleges that Capital One fraudulently concealed that the Loan was securitized. (AC ¶¶ 69-83.) In addition to actual damages, Plaintiff requests punitive damages. (*Id.* ¶ 83.)

The Court shall dismiss this claim. First, this claim fails to meet the heightened pleading requirements of Rule 9(b). There are no details regarding the alleged securitization, putting aside the fact that Capital One represents that the Note and Mortgage have not been securitized. (Mov.

6

Br. at 7 n.6.). More to the point, the Amended Complaint fails to establish that Capital One had a duty to disclose securitization in the first place. Furthermore, the Amended Complaint fails to plead facts establishing that the omitted information was material or that Plaintiff was damaged as a result. Plaintiff states in conclusory fashion as follows: "Defendant knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the Loan and would have rescinded it from the time of origination." (AC ¶ 72.) However, even assuming that the Note and Mortgage were securitized, the terms of the Loan would have remained the same. Accordingly, the Court dismisses Plaintiff's fraud in concealment claim.

### C. Intentional Infliction of Emotional Distress

To establish the tort of intentional infliction of emotional distress under New Jersey law, "a plaintiff must show (1) that the defendant intended to cause emotional distress; (2) that the conduct was extreme and outrageous; (3) that the actions proximately caused emotional distress; and (4) that plaintiff's emotional distress was severe." *Witherspoon v. Rent-A-Ctr., Inc.*, 173 F. Supp. 2d 239, 242 (D.N.J. 2001) (citing *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355 (1988)). "To establish extreme and outrageous conduct, a plaintiff must show conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citing *Buckley*, 544 A.2d at 863) (internal citations and quotation marks omitted).

Here, Plaintiff alleges that he suffered emotional distress because Capital One misrepresented that it was entitled to exercise the foreclosure provisions in the Mortgage. (AC ¶¶ 84-97.) Plaintiff asserts that claiming the right to foreclose on a property when that right might not exist is conduct "so outrageous and extreme that it exceeds all bounds which is usually tolerated

in a civilized community." (*Id.* ¶ 88.) Plaintiff alleges that, as a result, he has "suffered severe emotional distress, including but not limited to lack of sleep, anxiety, and depression." (*Id.* ¶ 92.)

Even if this claim were not arguably barred by the economic loss doctrine,[5] it must be dismissed because the Supreme Court of New Jersey has explicitly held that "litigation-induced distress" damages cannot be recovered. *Picogna v. Bd. of Educ. of Twp. of Cherry Hill*, 143 N.J. 391, 399 (1996) ("We hold, therefore, that plaintiff may not recover for litigation-induced distress as a separate component of damages."). Furthermore, the Court has reviewed the Amended Complaint and finds that, even accepting the allegations as true and in a light most favorable to Plaintiff, they do not demonstrate the requisite "intentional and outrageous conduct," nor "severe distress." Plaintiff's claim that he suffered emotional distress (namely, lack of sleep, anxiety, and depression) because of the threat of a foreclosure filing therefore fails to state a claim upon which relief may be granted. *See Coleman v. Deutsche Bank Nat. Trust Co.*, No. 15-cv-1080, 2015 WL 2226022 (D.N.J. May 12, 2015) (dismissing claim for intentional infliction of emotional distress under similar circumstances).

### D. Dismissal With or Without Prejudice

Rule 15(a)(2) provides that leave to amend "should be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a court may deny leave to amend when such amendment would be futile"—*i.e.*, "the amended complaint would not survive a motion to dismiss for failure to state a claim." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (citations omitted).

In light of the deficiencies identified by the Court in this Opinion, the Court believes that

---

[5] The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." *Duquesne Light Co. v. Westinghouse Elec. Co.*, 66 F.3d 604, 618 (3d Cir. 1995).

8

amendment may well be futile. However, in the interests of justice, and given Plaintiff's *pro-se* status, dismissal shall be without prejudice to give Plaintiff a final opportunity to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons above, the Court grants the Motion to Dismiss. (ECF No. 9.) Given Plaintiff's *pro-se* status, the Amended Complaint is dismissed without prejudice. Plaintiff shall have until Friday, April 22, 2016 to file a Second Amended Complaint. Failure to file a Second Amended Complaint by Friday, April 22, 2016 shall result in a dismissal *with* prejudice. An appropriate Order accompanies this Opinion.

DATED: March __, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

9