NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN MARTINEZ,<br><br>              Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORP.,<br><br>              Defendant. | Civil Action No.: 15-266 (JLL) (JAD)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Capital One, N.A.[1] ("Defendant" or "Capital One")'s Motion to Dismiss Pro-Se Plaintiff Ruben Martinez's ("Plaintiff" or "Mr. Martinez")'s Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 36.) The Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Motion to Dismiss and dismisses Plaintiff's Second Amended Complaint with prejudice.

**BACKGROUND**[2]

The Second Amended Complaint alleges that, on or about May 31, 2007, Plaintiff and his wife, Leticia Leon, executed a note (the "Note") in favor of GreenPoint Mortgage Funding, Inc.

---

[1] Incorrectly named as Capital One Financial Corp. in the Amended Complaint.
[2] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

("GMF") in the amount of $300,000.00, and Plaintiffs granted a mortgage (the "Mortgage") to GMF, secured by the property at 63 Market Street, Passaic, New Jersey (the "Property") (collectively the "Loan"). (ECF No. 33, Second Amended Complaint ("SAC") ¶¶ 29-31; *see also* ECF No. 36-2, Exs. A (Note) and B (Mortgage) to Defendant's Brief.)[3] Plaintiff signed the Mortgage as an "accommodation party."[4] (*See* Mortgage.)

Plaintiff commenced this action on January 13, 2015 against U.S. Bank N.A. and Aurora Loan Services, LLC. (ECF No. 1.) Because it was determined that neither U.S. Bank N.A. nor Aurora Loan Services, LLC had any interest in the Property or Loan, in August 2015 the Court dismissed Plaintiff's original Complaint without prejudice with right to refile against the appropriate defendant. (ECF Nos. 16, 17.) On November 17, 2015, Plaintiff filed a three-count Amended Complaint naming Capital One as Defendant. (ECF No. 21.) On January 28, 2016, Capital One moved to dismiss the Amended Complaint. (*See* ECF No. 28-1 ("Mov. Br.").) On March 1, 2016, the Court granted the motion and dismissed Plaintiff's Amended Complaint without prejudice, and gave Plaintiff "a final opportunity" to amend his complaint to state a claim.

---

[3] "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)).

[4] Under the UCC,

> An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.

§ 29. Liability of Accommodation Party, ULA APPENDIX I, UNIF.COMMERCIAL CODE UNIL § 29. For purposes of this Motion to Dismiss only, and because the Court dismisses on other grounds, the Court concludes that Plaintiff has standing. *See Harrison v. M. R. A., Ltd.*, 278 F.2d 539, 541 (9th Cir. 1960) ("The essential feature of an accommodation party to a negotiable instrument is a loan of credit or financial standing to an accommodated principal party.") (citations omitted); *In re Boles*, 150 B.R. 733, 735 (Bankr. W.D. Mo. 1993) ("Standing under § 523(a)(2)(B) includes situations where an accommodation party on a loan is subrogated to the creditor's rights or has a right of contribution against the debtor.") (citation omitted).

2

(ECF Nos. 30, 31.)

On April 6, 2016, Plaintiff filed the operative Second Amended Complaint. (ECF No. 33.) On May 4, 2016, Defendant filed the instant motion to dismiss. (*See* ECF No. 36-1 ("Mov. Br.").) On May 12, 2016, Plaintiff filed opposition. (ECF No. 37 ("Opp. Br.").) On May 27, 2016, Defendant filed a reply. (ECF No. 38 ("Reply Br.").) The matter is now ripe for resolution.

## LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only

the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

The Court also notes that pleadings submitted by *pro se* litigants are subject to liberal construction. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court is required to accept a *pro se* plaintiff's well-pleaded factual allegations as true while drawing reasonable inferences in his or her favor. *Capogrosso v. Sup.Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). However, a *pro se* complaint must still contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Franklin v. GMAC Mortgage*, 523 F. App'x 172, 173 (3d Cir. 2013).

## ANALYSIS

As noted, on March 1, 2016, the Court dismissed Plaintiff's Amended Complaint without prejudice, and gave Plaintiff "a final opportunity" to amend his complaint to state a claim. (ECF Nos. 30, 31.)

On April 6, 2016, Plaintiff filed the operative Second Amended Complaint, again asserting breach of contract, fraud in the concealment, and intentional infliction of emotional distress. (ECF No. 33.) Significantly, as noted by Defendants, the Second Amended Complaint is essentially identical to the Amended Complaint that was previously dismissed by this Court. (*See* ECF No. 36-1, McCumber Cert., Ex. C (redline comparison).) Plaintiff only made changes to the "Introduction," deleting one paragraph, and adding three others.[5] No other changes were made.

---

[5] Plaintiff deleted the first paragraph, which had stated as follows: "Plaintiff brings this action against Defendant for damages and harm resulting from Defendant's negligent, fraudulent and unlawful conduct concerning a residential

4

Indeed, the Second Amended Complaint rehashes the exact same allegations as the previously dismissed complaint. In other words, Plaintiff did not actually amend his complaint to address the deficiencies identified by the Court.

The Court hereby incorporates and adopts its Opinion dated March 1, 2016 (ECF No. 30), and dismisses the Second Amended Complaint for the same reasons set forth in the Court's March 1, 2016 Opinion. The Court notes that in his opposition brief, Plaintiff abandons his breach of contract claim, and requests leave to amend, ostensibly, the fraud and intentional infliction of emotional distress claims.[6] However, Plaintiff does not explain how discovery would yield a plausible claim, nor does he identify any potential allegations that would be incorporated in to a theoretical Third Amended Complaint. For example, with respect to the fraud claim, Plaintiff alleges that Defendant fraudulently concealed that the Loan was securitized. (*See* ECF No. 33 ¶¶ 71-85.) However, even accepting as true the allegation that the Loan was securitized, there are no allegations that Defendant had a duty to disclose, that the omitted information was material, or that Plaintiff was damaged in any way. *See Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997) (listing elements for fraud in the concealment claim). Plaintiff does not explain how discovery would cure such defects. Likewise, with respect to the claim for intentional infliction of emotional distress, Plaintiff does not explain how discovery or amendment would yield a plausible claim, when the Court previously indicated that the claim was likely barred by the economic loss doctrine, and that Plaintiff's complaints regarding "litigation-induced stress" were insufficient to state a claim. (*See* Mar. 1, 2016 Op. at 7-8.) Accordingly, the Court concludes that Plaintiff's Second

---

mortgage loan transaction." Plaintiff then added three paragraphs, which in essence simply note that Plaintiff was given leave to amend after the Court granted Defendant's motion to dismiss, and that the document "shall serve as the operative pleading." (*See* ECF No. 33 ¶¶ 2-4.)

[6] Plaintiff does not mention the intentional infliction of emotional distress claim in his opposition brief.

Amended Complaint fails to state a claim upon which relief can be granted.

Dismissal is with prejudice. The March 1, 2016 made clear that Plaintiff had "a final opportunity" to amend his allegations address the deficiencies identified in the March 1, 2106 Opinion. (*See id.* at 8-9.) As Plaintiff did not actually amend his allegations, dismissal with prejudice is warranted, because it is clear that further amendment would be futile.

## CONCLUSION

For the reasons above, and for the reasons stated in this Court's March 30, 2016 Opinion, (ECF No. 30), the Court grants the Motion to Dismiss. (ECF No. 36.) Plaintiff's Second Amended Complaint is dismissed with prejudice. An appropriate Order accompanies this Opinion.

DATED: June 2, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE